# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LISA CLARK, | ) | CASE NO. 4:18-cv-440 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| C.R. BARD, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant C.R. Bard, Inc. ("defendant") to stay all proceedings. (Doc. No. 6 ["Mot."].) The motion seeks a stay pending a decision by the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") to transfer the action of more than fifty (50) plaintiffs who, like plaintiff, have product liability claims arising out of the use of defendant's hernia mesh products. Plaintiff Lisa Clark ("plaintiff") opposes the motion (Doc. No. 7 ["Opp'n"]), and defendant has filed a reply. (Doc. No. 8 ["Reply"].)

On February 23, 2018, plaintiff commenced this action against defendant in federal court on the basis of diversity jurisdiction. Plaintiff alleges personal injuries related to the use of the Ventralight Mesh, a polypropylene mesh medical device manufactured by defendant's subsidiary Davol, Inc. for the treatment of hernias. In her complaint, she raises claims for negligence, design and manufacturing defects, failure to warn, and breaches of express and implied warranties. She also seeks punitive damages. According to defendant, plaintiff is one of more than ninety (90) individuals who have brought similar products liability cases around the country relating to the use of defendant's hernia repair devices.

On April 10, 2018, a group of plaintiffs filed a motion, pursuant to 28 U.S.C. § 1407, for coordination/consolidation of all related hernia mesh cases into a multidistrict litigation ("MDL") action. (Doc. No. 6-1 (§ 1407 Consolidation Motion).) On May 3, 2018, defendant responded to the motion. As part of its response, defendant represented that the Ventralight Mesh should be included in any MDL, and identified this case as one of the cases that should be transferred to the potential MDL. (Doc. No. 8-1 (Bard's Response) at 127.) The MDL Panel's next hearing session is scheduled for July 26, 2018, and defendant represents that a ruling is expected shortly thereafter.

On April 26, 2018, Defendant filed the present motion to stay. In its motion and in its reply, defendant identifies more than thirty (30) federal courts, including a court within the Sixth Circuit, that have already stayed their respective hernia mesh products liability cases pending a ruling from the MDL Panel.[1] (Mot. at 36, collecting cases; Reply at 80 n.1, collecting cases.) On June 6, 2018, the Court conducted a telephonic status conference in this case. At the conclusion of the conference, the Court encouraged the parties to acquire whatever documentation was necessary to facilitate settlement discussions. The Court advised that if the parties were unable to reach a resolution by June 29, 2018, it would rule on the pending motion to stay. As of the date of this memorandum opinion, the parties have not advised that this case has settled.

The authority of a federal court to stay proceedings is well-established. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also Hill v.*

---

[1] *See Terrell v. C.R. Bard, Inc., et al.*, Case No. 3:17-cv-01575, Doc. No. 19 (M.D. Tenn.)

*Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998) ("the Court has the inherent power to stay proceedings pending the resolution of the same or related issues in another forum") (citations omitted). "Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). In ruling on such motions, courts consider: "the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005).

The Court finds that a stay is necessary in this case. In the event that the MDL is created, it is entirely likely that this case will be transferred as part of that consolidated litigation. Of course, the very purpose of MDL transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings. Further, without a stay, defendant may face a hardship if forced to defend this action in different forums. Plaintiff, however, is not likely to suffer any hardship from a short delay. The case is in its infancy, as defendant has not even filed an answer, and the parties have yet to dedicate resources to discovery or dispositive motion practice. Nonetheless, plaintiff complains that a stay could delay possible settlement of this matter. As detailed above, the Court has already delayed ruling on this motion to permit the parties an opportunity to explore settlement with no final resolution reached and no request by the parties for court-supervised mediation. Of course, even if this action is stayed, the parties would remain free to engage in their own settlement discussions, and, in fact, would be encouraged to do so.

For all of the foregoing reasons, the Court finds that the balance of potential hardships and the interests of judicial economy favor a short stay of this matter while the MDL Panel considers the § 1407 motion to consolidate. Defendant's motion to stay is **GRANTED**, and this

3

action shall be **STAYED** pending a ruling from the MDL Panel. The parties are **ORDERED** to promptly notify the Court once such a ruling is issued.

    **IT IS SO ORDERED**.

Dated: July 2, 2018

                                                 **HONORABLE SARA LIOI**
                                               **UNITED STATES DISTRICT JUDGE**